IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| PACIFIC RIVERS, CASCADIA WILDLANDS COAST RANGE ASSOCIATION, KLAMATH-SISKIYOU WILDLANDS CENTER, OREGON WILD, and THE WILDERNESS SOCIETY,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES BUREAU OF LAND MANAGEMENT, an independent agency of The United States, Department of the Interior, and the UNITED STATES DEPARTMENT OF THE INTERIOR,<br><br>Defendants,<br><br>and<br><br>ZUBER & SONS LOGGING, LLC and TURNER LOGGING, INC.,<br><br>Proposed Defendant-Intervenors. | Case No. 6:16-cv-01598-TC<br><br>OPINION AND ORDER |

Thomas Coffin, Magistrate Judge:

Proposed defendant-intervenors, Zuber & Sons Logging, LLC, ("Zuber") and Turner Logging, LLC, ("Turner") move this court, pursuant to Federal Rule of Civil Procedure

1 – OPINION AND ORDER

("FRCP") 24 and Local Rule 7-1(a)(1)(A), to intervene as defendants in this lawsuit. Zuber and Turner's Mot. to Intervene and Supp. Mem. 2. Plaintiffs do not oppose the motion and federal defendants "take no position with respect to whether Zuber and Turner should be permitted to intervene," but request that if this court finds that intervention is appropriate, that "minor conditions" on Zuber and Turner's participation be imposed. Defs.' Resp. to Mot. to Intervene 1. For the Following reasons, proposed defendant-intervenors' Motion to Intervene (#11) is granted and federal defendants' requested conditions on Zuber and Turner's participation are granted in part and denied in part.

## STANDARD OF REVIEW

FRCP 24 allows a party to intervene in pending litigation to protect its interests as a right under FRCP 24(a) or permissibly under FRCP 24(b). "Courts are to take all well-pleaded, nonconclusory allegations in the motion to intervene . . . as true absent sham, frivolity, or other objections." *Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001).

When evaluating a motion to intervene as a right under FRCP 24(a), this court applies a four-part test:

> (1) the motion must be timely; (2) the applicant must claim a significantly protectable interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

*Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011) (en banc) (internal quotations omitted). Rule 24(a) motions are construed "liberally in favor of potential intervenors" and the court's review of the motion is "guided primarily by practical considerations, not technical distinctions." *Southwest Ctr. for Biological Diversity*, 268 F.3d at 818 (internal quotations omitted).

2 – OPINION AND ORDER

A court may grant a motion for permissive intervention pursuant to FRCP 24(b), "when an applicant's claim or defense and the main action have a question of law or fact in common." *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1111 (9th Cir. 2002) *abrogated in part on other grounds by Wilderness Soc'y*, 630 F.3d at 1173. Moreover, permissive intervention "plainly dispenses with any requirement that the intervenor shall have a direct personal or pecuniary interest in the subject of the litigation." *Id.* at 1108 (internal quotations omitted).

## DISCUSSION

Proposed defendant-intervenors argue that they satisfy the criteria for intervention as a right and should be allowed to intervene pursuant to FRCP 24(a) because: (1) their motion was timely filed on August 8, 2016; (2) they have significant interest in the Bureau of Land Management's ("BLM") final Records of Decisions ("RODs") for the Resource Management Plans for Western Oregon ("RMPs") that are placed at risk by plaintiffs' suit and absent participation in this case, would have no opportunity to defend against plaintiffs' "efforts to further curtail timber harvest on BLM lands," which proposed intervenors, two "family-owned independent logging businesses based in Oregon," "depend on for their livelihoods"; and (3) the existing parties, including federal defendants, do not share the same interests and, therefore, do not adequately represent their interests in this case. Zuber and Turner's Mot. to Intervene and Supp. Mem. 2-5.

As stated above, plaintiffs and federal defendants do not oppose proposed defendant-intervenors' Motion to Intervene. Federal defendants, however, request that if Zuber and Turner are permitted to intervene, this court should: (1) order them to confine their arguments to the issues raised in plaintiffs' Complaint in order to prevent unduly multiplying or delaying the proceedings; (2) impose the same constraints applicable to parties in any Administrative

3 – OPINION AND ORDER

Procedure Act ("APA") case by "prohibit[ing] them from seeking discovery or introducing material outside the administrative record on the merits of plaintiffs' claims"; and (3) order that Zuber and Turner be allocated their own page limits and argument time limits separate from federal defendants. Defs.' Resp. to Mot. to Intervene 2. Zuber and Turner object only to federal defendants' first two conditions. Zuber and Turner's Reply 2.

Here, as an initial matter, this court finds that Zuber and Turner satisfied the four part test for intervention as a right under FRCP 24(a). *Wilderness Soc'y*, 630 F.3d at 1177; *Southwest Ctr. for Biological Diversity*, 268 F.3d at 818-20. Specifically, proposed defendant-intervenors' timely filed motion seeks to defend against plaintiffs' challenge to the BLM RODs in order to protect their interests in the management of timber harvests on BLM lands that their businesses rely upon, and this interest is currently inadequately represented by the other parties to the action. Accordingly, Zuber and Turner's unopposed Motion to Intervene (#11) is granted. Moreover, Zuber and Turner do not object to federal defendants third requested condition for separate page and argument time limits. Finding no reasons to impose such a limitation at this time, this court grants federal defendants' third requested condition and finds that Zuber and Turner shall be allocated their own page limits and argument time limits separate from federal defendants. Thus, the only remaining issues before this court are whether to impose the first two restrictions requested by federal defendants.

With regard to federal defendants' first requested limitation, that Zuber and Turner be ordered to confine their arguments to the issues raised in plaintiffs' Complaint, when there is a "sufficiently close relationship between the claims and defenses of the intervenor and those of the original defendant to permit adjudication of all claims in one forum and in one suit . . . the district court is without discretion to deny the intervenor the opportunity to advance such

4 – OPINION AND ORDER

claims." *Spangler v. United States*, 415 F.2d 1242, 1245 (9th Cir. 1969) (internal quotations omitted). In reaching this conclusion, the Ninth Circuit in *Spangler* noted that prior to the adoption of FRCP 37 in 1937, "old equity rule 37 barred an intervenor from raising issues which were not subordinate to the original parties' pleadings. No similar provision was carried over into the 1937 rules, and courts have not generally adhered to the old subordination doctrine." *Id.* (internal quotations omitted). Moreover, the Ninth Circuit in *Spangler* noted that "it would be meaningless to give [a party] an absolute right to intervene in order to protect his interests, if once in the proceedings he was barred from raising questions necessary for his own protection." *Id.* (internal quotations omitted).

Here, limiting Zuber and Turner's arguments to only the issues that are subordinate to the original parties' pleadings could bar them from raising questions necessary for their own protection. *Spangler*, 415 F.2d at 1245. Accordingly, this court declines to impose federal defendants' first requested limitation on defendants Zuber and Turner.

This court now turns to federal defendants' second requested limitation that Zuber and Turner be prevented from seeking discovery or introducing material outside the administrative record. As a "general rule," courts reviewing an agency decision in an Administrative Procedures Act ("APA") case are limited to the administrative record. *Lands Council v. Powell*, 395 F.3d 1019, 1029 (9th Cir. 2004) (citing *Power & Light Co. v. Lorion*, 470 U.S. 729 743-44 (1985)). However, there are a few "narrow exceptions" to the general rule that allow supplementation of an administrative record in an APA case. *Id.* District courts are permitted to admit extra-record evidence: (1) if admission is necessary to determine "whether the agency has considered all relevant factors and has explained its decision"; (2) if "the agency has relied on documents not in the record"; (3) "when supplementing the record is necessary to explain

claims." *Spangler v. United States*, 415 F.2d 1242, 1245 (9th Cir. 1969) (internal quotations omitted). In reaching this conclusion, the Ninth Circuit in *Spangler* noted that prior to the adoption of FRCP 37 in 1937, "old equity rule 37 barred an intervenor from raising issues which were not subordinate to the original parties' pleadings. No similar provision was carried over into the 1937 rules, and courts have not generally adhered to the old subordination doctrine." *Id.* (internal quotations omitted). Moreover, the Ninth Circuit in *Spangler* noted that "it would be meaningless to give [a party] an absolute right to intervene in order to protect his interests, if once in the proceedings he was barred from raising questions necessary for his own protection." *Id.* (internal quotations omitted).

Here, limiting Zuber and Turner's arguments to only the issues that are subordinate to the original parties' pleadings could bar them from raising questions necessary for their own protection. *Spangler*, 415 F.2d at 1245. Accordingly, this court declines to impose federal defendants' first requested limitation on defendants Zuber and Turner.

This court now turns to federal defendants' second requested limitation that Zuber and Turner be prevented from seeking discovery or introducing material outside the administrative record. As a "general rule," courts reviewing an agency decision in an Administrative Procedures Act ("APA") case are limited to the administrative record. *Lands Council v. Powell*, 395 F.3d 1019, 1029 (9th Cir. 2004) (citing *Power & Light Co. v. Lorion*, 470 U.S. 729 743-44 (1985)). However, there are a few "narrow exceptions" to the general rule that allow supplementation of an administrative record in an APA case. *Id.* District courts are permitted to admit extra-record evidence: (1) if admission is necessary to determine "whether the agency has considered all relevant factors and has explained its decision"; (2) if "the agency has relied on documents not in the record"; (3) "when supplementing the record is necessary to explain

technical terms or complex subject matter"; or (4) "when plaintiffs make a showing of agency bad faith." *Id.* at 1030 (internal quotations omitted).

Here, the administrative record has not yet been filed. Thus, it is unclear whether any of the narrow exceptions to the general rule that would allow Zuber and Turner to seek supplementation of the administrative record are present in this case. Accordingly, this court declines to impose federal defendants' second recommended condition on Zuber and Turner, but intervenors are forewarned that supplementation of the administrative record will only be allowed in accordance with the narrow exceptions stated above.

## CONCLUSION

For the reasons stated above, proposed defendant-intervenors' Motion to Intervene (#11) is GRANTED. Moreover, this court rejects federal defendants' first two recommended conditions, that Zuber and Turner be ordered to confine their arguments to the issues raised in plaintiffs' Complaint and that they be prevented from seeking discovery or introducing material outside the administrative record, regardless of whether circumstances arise that would otherwise allow such discovery or supplementation of the record. Finally, this court grants federal defendants' third requested condition and finds that Zuber and Turner shall have their own page limits and argument time limits separate from federal defendants.

It is so ordered.

DATED this 2 day of November 2016.

THOMAS COFFIN
United States Magistrate Judge

6 – OPINION AND ORDER