IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| PACIFIC RIVERS; CASCADIA WILDLANDS; COAST RANGE ASSOCIATION; KLAMATH-SISKIYOU WILDLANDS CENTER; OREGON WILD; THE WILDBRNBSS SOCIETY; PACIFIC COAST FEDERATION OF FISHBRMEN'S ASSOCIATIONS; INSTITUTE FOR FISHERIES RESOURCES; and UMPQUA WATERSHEDS,<br><br>        Plaintiffs,<br><br>  v.<br><br>U.S. BUREAU OF LAND MANAGBMENT; NATIONAL MARINE FISHERIES SERVICE; U.S. FISH AND WILDLIFE SERVICE; U.S. DEPARTMBNT OF INTERIOR; and U.S. DEPARTMENT OF COMMERCE,<br><br>        Defendants,<br><br>  v.<br><br>ZUBER & SONS LOGGING, LLC; TURNER LOGGING, INC.; and ROSEBURG AREA CHAMBER OF COMMERCE,<br><br>        Defendant-Intervenors. | Case No. 6:16-cv-01598-JR<br><br>**OPINION AND ORDER** |

Page 1 – OPINION AND ORDER

**MCSHANE, Judge**:

Magistrate Judge Jolie A. Russo filed a Findings and Recommendation ("F&R") on October 12, 2018, ECF No. 92, and the matter is now before this Court. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Plaintiffs and Defendant-Intervenors timely filed objections to the F&R. ECF Nos. 96-97. Accordingly, I have reviewed the file of this case *de novo*. *See* 28 U.S.C. § 636(b)(1)(C); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). I find no error and conclude that the F&R is correct. Judge Russo's F&R is adopted in full. Consistent with the F&R, Defendants and Defendant-Intervenors' Cross-Motions for Summary Judgment, ECF Nos. 75, 76, 80, are GRANTED. Plaintiffs and Defendant-Intervenors' Motions for Summary Judgment, ECF Nos. 62, 66, are DENIED.[1]

IT IS SO ORDERED.

DATED this 15th day of March, 2019.

/s/ Michael McShane_____
Michael J. McShane
United States District Judge

---

[1] In the interest of clarity, although the F&R refers to Defendant-Intervenors' claim as a counterclaim, it was filed as a crossclaim, First Am. Answer of Def.-Intervenors to First Am. Compl. & Crossclaim 15, ECF No. 54, and is properly characterized as a crossclaim, *compare* Fed. R. Civ. P. 13(a)(1), (b) (describing a counterclaim as one against an "opposing party") *with* Fed. R. Civ. P. 13(g) (describing a crossclaim as one against a "coparty").